IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| VERNARD JERICHO PEARSEY, | |
| Movant, | CIVIL ACTION NO.: 2:18-cv-151 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 2:16-cr-5) |
| Respondent. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Vernard Pearsey ("Pearsey"), who is currently housed at the Williamsburg Federal Correctional Institution in Salters, South Carolina, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  Doc. 1.  The Government filed a Motion to Dismiss, and Pearsey filed a Response.  Docs. 6, 8.  Pearsey also filed a Motion to Appoint Counsel.  Doc. 12.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS in part** and **DENY in part** Pearsey's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Pearsey *in forma pauperis* status on appeal and a Certificate of Appealability.  I **DENY** Pearsey's Motion to Appoint Counsel.[1]

## BACKGROUND

Pearsey was indicted for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  United States v. Pearsey, 2:16-cr-5 (S.D. Ga.) ("Crim. Case"), Doc. 1.

---

[1] Not long before filing his § 2255 Motion, Pearsey filed a Motion to Appoint Counsel seeking assistance with his § 2255 Motion, but the Motion seeking counsel was filed in his criminal case only. Crim. Case, Doc. 69.  The Court **DENIES** this Motion, for the same reasons it denies Pearsey's Motion to Appoint Counsel in his § 2255 proceedings.

Pearsey faced a maximum sentence of 10 years' imprisonment, unless he had at least three prior convictions for serious drug offenses or violent felonies. Crim. Case, Doc. 2 at 1. If Pearsey had these qualifying convictions, he faced a statutory minimum sentence of at least 15 years' (180 months) and up to life imprisonment under 18 U.S.C. § 924(e)(1). Id. Pearsey's appointed counsel, Joseph Phelps, III, filed several pre-trial motions on Pearsey's behalf, including a motion to suppress statements. Crim. Case, Docs. 19, 20, 21, 22. The United States Magistrate Judge recommended the Court deny Pearsey's motion to suppress statements, granted as unopposed two other motions, and denied the fourth motion as moot. Docs. 37, 38. Although Pearsey filed objections to the Report and Recommendation relating to his motion to suppress statements, the Government notified the Court Pearsey and the United States reached a plea agreement prior to the Court's consideration of the Report and Recommendation. Crim. Case, Docs. 39, 40. Pearsey entered a guilty plea, which the Honorable Lisa Godbey Wood accepted. Crim. Case, Docs. 42, 43, 44.

Pearsey agreed to plead guilty to the one count in the indictment, agreeing he had previously been convicted of a felony and was in possession of a loaded firearm which had been transported in interstate commerce. Crim. Case, Doc. 43 at 1–2. Pearsey also agreed to waive his right to appeal, except if: the Court determines he qualifies for an enhanced penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); the Court imposes a sentence above the statutory maximum; the Court imposes a sentence higher than the advisory Guidelines range, as found by the Court; or the Government appeals. Id. at 5. Pearsey also waived his right to

collaterally attack his conviction and sentence on any ground or by any method, including the filing of a § 2255 motion, other than based on a claim of ineffective assistance of counsel. Id.

Prior to sentencing, the United States Probation Office prepared a Pre-Sentence Investigation Report ("PSR"). Crim. Case, Doc. 63. The probation officer calculated a five-level enhancement under United States Sentencing Guideline § 4B1.4(b)(3)(B) based on Pearsey's previous convictions for violent felonies in Jeff Davis County, for two burglary convictions, and an Appling County conviction for robbery by intimidation, all of which occurred on different dates. Id. at ¶¶ 20, 27, 28. Based on the Guidelines, Pearsey faced an advisory sentencing range of 135 to 168 months' imprisonment, but, because the statutory minimum was 180 months' imprisonment, 180 months' imprisonment was the advisory sentence. Id. at ¶ 61. After hearing argument relating to ¶ 20 of the PSR (the enhancement provision of the PSR), Judge Wood sentenced Pearsey to a 180-month sentence under §§ 922(g)(1) and 924(e)(1), finding Pearsey was an armed career offender. Crim. Case, Doc. 56.

Mr. Phelps filed a timely notice of appeal on Pearsey's behalf. Crim. Case, Doc. 52. On appeal to the Eleventh Circuit Court of Appeals, Pearsey challenged his 180-month sentence and argued his prior Georgia felony burglary convictions do not qualify as predicate violent felonies under the ACCA. United States v. Pearsey, 701 F. App'x 773 (11th Cir. 2017). Pearsey also argued Georgia's burglary statute is indivisible because it includes any building, vehicles, railroad cars, watercraft, or dwelling structure and lists these locations as alternative means, not elements, of committing burglary. Id. at 774. After conducting a de novo review of the entire record before it, the Eleventh Circuit affirmed this Court's judgment. Crim. Case, Doc. 64. The Eleventh Circuit found this Court did not err in determining Pearsey's prior burglary convictions under Georgia law were violent felonies under the ACCA. Id. at 6. Additionally, the Eleventh

Circuit stated Georgia's burglary statute is divisible, and Pearsey's "certified indictment and guilty plea for his burglary conviction show . . . he was convicted of three counts of burglary of a dwelling—which has the same elements as generic burglary under the ACCA's enumerated crimes clause." Id. The United States Supreme Court denied Pearsey's petition for writ of certiorari. Pearsey v. United States, 138 S. Ct. 697 (2018); Crim. Case, Doc. 68. Pearsey has filed a § 2255 Motion, docs. 1, 1-1, which has been briefed and is ripe for review.

## DISCUSSION

I.   **Whether Pearsey's ACCA Sentence Enhancement Claims Are Barred**

Pearsey asserts the ACCA's sentence enhancement structure violates his Sixth Amendment rights by allowing a judge to make findings of fact which increase the statutory maximum sentence. Doc. 1-1 at 1, 3. In addition, Pearsey contends the Supreme Court's decision in United States v. Stitt, 139 S. Ct. 399 (2018), requires a defendant to have at least three prior violent felony convictions, but a statute setting forth alternative methods of committing an offense is not divisible and cannot qualify as ACCA predicates through the modified categorical approach.[2] Id. at 1–2. Pearsey maintains his prior convictions "cannot give rise to an ACCA sentence." Id. at 2.

Respondent asserts the Eleventh Circuit already considered and rejected this same claim on appeal, and Pearsey cannot raise it in his § 2255 Motion. Doc. 6 at 6. Additionally, Respondent states, to the extent Pearsey's allegations differ from any arguments raised on appeal, the Court should dismiss any such claims as procedurally defaulted. Id.

---

[2]   The Stitt case does not offer Pearsey his requested relief. United States v. Stitt, 139 S. Ct. 399 (2018). In Stitt, the Supreme Court held, for purposes of application of the ACCA, "the statutory term 'burglary' includes burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation." Id. at 403–04. This decision does not invalidate United States v. Gundy, 842 F.3d 1156 (11th Cir. 2016), or its application to Pearsey's ACCA enhancement.

4

### A. Claims Raised on Appeal

A § 2255 movant "is procedurally barred from raising arguments in his § 2255 motion that he already raised" on appeal and were rejected on appeal. Djenasevic v. United States, No. 18-12680-H, 2019 WL 2881260, at *3 (11th Cir. June 6, 2019) (citing Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014)). "Once a matter has been decided adversely to a defendant on direct appeal[,] it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F,3d 1340, 1343 (11th Cir. 2000); see also Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994) ("[P]rior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral proceeding."); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981) ("This Court is not required on § 2255 motions to reconsider claims of error raised and disposed of on direct appeal.").

On appeal, Pearsey challenged his designation as an armed career criminal under § 924(e). Doc. 6-1 at 9 (Pearsey's brief to Eleventh Circuit). Pearsey contended without the ACCA enhancement, he would have faced no more than 120 months' imprisonment under § 922(g)(1) and a Guidelines sentence of 70 to 87 months' imprisonment. Id. at 10. The only issue Pearsey challenged was whether this Court erred in concluding his prior Georgia burglary convictions qualified as violent felonies under the ACCA. Id. at 12. He argued Georgia's burglary statute is indivisible "because it includes any type of building, vehicles, railroad cars, watercraft, or any structure used as a dwelling, and lists those locations as alternative means of committing burglary, rather than alternative elements." Pearsey, 701 F. App'x at 774.

The Eleventh Circuit noted, under Georgia law, a "burglary occurs when 'without authority and with the intent to commit a felony or theft therein, [a person] enters or remains within an occupied, unoccupied, or vacant dwelling house of another or any building, vehicle,

5

railroad car, watercraft, or other such structure designed for use as the dwelling of another.'" Id. at 775 (quoting O.C.G.A. § 16-7-1(b)). The court recounted its decision in Gundy in which it held Georgia's burglary statute is broader than a generic burglary and is divisible because the statute "uses three alternative locational elements, which are stated in the disjunctive." Id. (citing United States v. Gundy, 842 F.3d 1156, 1164–68 (11th Cir. 2016)). The Eleventh Circuit specifically rejected the argument the alternative locations in the statute are alternative means, rather than alternative elements, of committing the offense under Georgia law. Id. (citing Gundy, 842 F.3d at 1164–68). The Eleventh Circuit concluded this Court did not err in determining Pearsey's prior convictions under Georgia law for burglary were violent felonies under the ACCA, because "Georgia's burglary statute is divisible, and Pearsey's certified indictment and guilty plea for his burglary convictions show that he was convicted of three counts of burglary of a dwelling—which has the same elements as generic burglary under the ACCA's enumerated crimes clause."[3] Id. at 776.

Pearsey raised a challenge to his sentence enhancement under the ACCA, and the Eleventh Circuit rejected his challenge. Because Pearsey has raised his ACCA challenge on appeal, which was rejected, he cannot do so in his § 2255 Motion. The Court should **GRANT** this portion of Respondent's Motion to Dismiss and **DISMISS** this portion of Pearsey's Motion.

---

[3] The enumerated crimes clause under the ACCA concerns a violent felony, punishable by a term of at least one year of imprisonment, that "is burglary, arson, or extortion, or involves use of explosives, . . . ." § 924(e)(2)(B)(ii). "'The generic, contemporary definition of burglary consists of these elements: (1) an unlawful or unprivileged entry into, or remaining in, (2) a building or other structure, (3) with intent to commit a crime therein.'" Pearsey, 701 F. App'x at 775 (quoting Gundy, 842 F.3d at 1164). "An enumerated crime qualifies as a violent felony under the ACCA if its elements are the same as, or narrower than, those of the generic offense." Id. (citing Gundy, 842 F.3d at 1161).

B.     **Claims Not Raised on Appeal**

A district court is authorized by 28 U.S.C. § 2255 to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. However, a collateral challenge to a federal conviction and sentence "may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). As recognized in Lynn, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Id. at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)). A movant must assert all available challenges on direct appeal. See Mills, 36 F.3d at 1055. Claims that a § 2255 movant could have asserted on direct appeal but did not generally are procedurally barred absent a showing of "cause for the default and actual prejudice resulting from the alleged error" or a showing of a fundamental miscarriage of justice that "'probably resulted in the conviction of one who is actually innocent[.]'" Id. (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).

A movant must show some external impediment prevented him from raising a claim on appeal to establish "cause." Weeks v. Jones, 52 F.3d 1559, 1561 (11th Cir. 1990). A movant demonstrating prejudice "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (emphases omitted). To show actual innocence, a movant must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror

7

would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotations and citation omitted).

Pearsey, through his appointed appellate counsel, did not raise a Sixth Amendment sentencing claim on direct appeal, but he does so before this Court. See Pearsey, 701 F. App'x at 773. Pearsey could have raised this claim on direct appeal, as he and his attorney had all the facts needed to raise this issue on appeal. Mills, 36 F.3d at 1055 ("A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development."). Thus, Pearsey has procedurally defaulted this claim. The Court must now determine whether he meets the cause and prejudice or fundamental miscarriage standards to excuse his procedural default, even though Pearsey raises no assertions to assist the Court's determination as to this procedurally defaulted claim.[4]

   1. *Cause and prejudice.*

As noted above, "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (internal citation and punctuation omitted). The procedural default rule "'is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments.'" Id. (quoting Massaro v. United States, 538 U.S. 500, 504 (2003)). There are two exceptions to the procedural default rule. A defendant can overcome "application of the

---

[4] In his Response to the Motion to Dismiss, Pearsey does re-assert an ineffective assistance claim, but his assertions concern Mr. Phelps' actions during the sentencing proceedings before this Court and will be addressed in § II of this Report. To be clear, Pearsey does not provide any assertions as to his procedurally defaulted Sixth Amendment sentencing claim.

procedural default bar by show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." Id. (internal citation omitted) (alteration in original).

An allegation of ineffective assistance of counsel can be "cause" to excuse procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). However, in order to constitute cause, ineffective assistance claims must have merit." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). Criminal defendants have a right to effective assistance of counsel at all critical stages of the proceedings. Strickland v. Washington, 466 U.S. 668 (1984). This right extends to an appeal, Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. Id. at 685–86.

Of note here, counsel is not ineffective when he fails to raise a meritless argument on appeal. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). In other words, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." Francois v. Wainwright, 741 F.2d 1275, 1285 (11th Cir. 1984). The Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991). A petitioner "is not entitled to habeas relief 'when his claims are merely conclusory allegations unsupported by specifics' or 'contention that in the face of the record are wholly incredible.'" Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (quoting Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)); see also United States v. Yizar, 956 F.2d 230, 234 (11th Cir. 1992) (stating a petitioner must set forth sufficient allegations to demonstrate he is entitled to his requested relief).

The procedurally defaulted ground Pearsey raises in his § 2255 Motion—that this Court's sentencing structure violates the Sixth Amendment—would have been frivolous grounds for appeal, and his appellate counsel was not ineffective for failing to raise this issue. Accordingly, Pearsey does not establish cause and prejudice to excuse his procedural default of this claim. Thus, the Court should **GRANT** this portion of Respondent's Motion to Dismiss and **DISMISS** this portion of Pearsey's § 2255 Motion.

### 2. *Miscarriage of justice/actual innocence.*

As another way to overcome his procedural default, Pearsey must show a miscarriage of justice occurred, i.e., his actual innocence. McKay, 657 F.3d at 1196. "Under the actual innocence exception—as interpreted by current Supreme Court doctrine—a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." Id.

Pearsey makes no argument regarding miscarriage of justice or actual innocence, nor could he. Pearsey does not contend he is innocent of being a felon in possession of a firearm; rather, he contends he should not have been given a sentence enhancement under the ACCA. This contention is insufficient for an actual innocence argument, as a movant can make a sentencing claim for actual innocence only in a capital case, and Pearsey's criminal prosecution was not a capital case.

## II. Ineffective Assistance of Counsel Claim

Pearsey alleges his counsel was ineffective during sentencing proceedings for failing to present a "correct interpretation" of Mathis v. United States, 136 S. Ct. 2243 (2016), which would prove his ACCA enhancement was based on a non-generic and divisible Georgia statute.

10

Doc. 1-1 at 5–6.  In addition, Pearsey asserts counsel was ineffective for failing to have a copy of Gundy available to him prior to Judge Wood providing him a copy at sentencing.  Id. at 6.

Respondent notes Pearsey's argument regarding counsel's lack of familiarity with Gundy prior to sentencing "is simply wrong."  Doc. 6 at 6.  Respondent notes the record is clear Mr. Phelps was familiar with Gundy based on the arguments he made during sentencing.

Criminal defendants have a right to effective assistance of counsel at all critical stages of the proceedings.  Strickland v. Washington, 466 U.S. 668 (1984).  This right extends to sentencing proceedings, Glover v. United States, 531 U.S. 198, 202 (2001).  To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance.  Id. at 685–86.  The deficient performance requirement concerns "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."  Hill v. Lockhart, 474 U.S. 52, 56 (1985).  There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance.  Davis v. United States, 404 F. App'x 336, 337 (11th Cir. 2010) (citing Strickland, 466 U.S. at 686).  "It is petitioner's burden to 'establish that counsel preformed outside the wide range of reasonable professional assistance' by making 'errors so serious that [counsel] failed to function as the kind of counsel guaranteed by the Sixth Amendment.'"  LeCroy v. United States, 739 F.3d 1297, 1312 (11th Cir. 2014) (quoting Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (alteration in original)).  "Showing prejudice requires petitioner to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. (internal citation omitted).  "The prejudice prong requires a petitioner to demonstrate that seriously

deficient performance of his attorney prejudiced the defense." Id. at 1312–13. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011). "In evaluating performance, 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" LeCroy, 739 F.3d at 1312 (quoting Strickland, 466 U.S. at 690). "If a petitioner cannot satisfy one prong, [a court] need not review the other prong." Duhart v. United States, 556 F. App'x 897, 898 (11th Cir. 2014). "The burden of persuasion is on a section 2255 petitioner to prove, by a preponderance of the competent evidence, both that counsel's performance was unreasonable, and that []he was prejudiced by that performance." Demar v. United States, 228 F. App'x 940, 950 (11th Cir. 2007).

"[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690. "The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." James v. Sec'y, Dep't of Corr., No. 8:12-CV-1363, 2013 WL 5596800, at *3 (M.D. Fla. Oct. 11, 2013) (citing Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995)); Body v. United States, Crim. Action No. 10-0232, 2013 WL 2470660, at *20 (S.D. Ala. June 6, 2013) (citing Johnson v. Alabama, 256 F.3d 1156, 1176 (11th Cir. 2001)).

Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice. Strickland, 466 U.S. at 691–92. In order to establish actual prejudice, a petitioner must show "there is a reasonable probability that but for the attorney's unprofessional errors, the result of the proceeding would have been different." Armstead v. Scott, 37 F.3d 202, 207 (5th

12

Cir. 1994). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Strickland, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011).

Pearsey's ineffective assistance of counsel claim must fail, as the record in this case clearly contradicts this claim. Prior to the sentencing hearing before Judge Wood and after receipt of the PSR from the probation officer, Mr. Phelps submitted a sentencing memorandum to the Court. Crim. Case, Doc. 49. In this memorandum, Mr. Phelps challenged the probation officer's recommendation to enhance Pearsey's sentence under the Guidelines and the ACCA based on Pearsey's two prior burglary and one robbery by intimidation convictions. Id. at 2. Mr. Phelps argued Georgia's burglary statute is broader than the Iowa burglary statute the Supreme Court found in Mathis could not give rise to an ACCA enhancement because the elements of that statute are broader than those of generic burglary. Id. at 2–3. Likewise, Pearsey's burglary convictions could not give rise to an ACCA enhancement, Mr. Phelps argued, and Pearsey's adjusted base offense level should have been five levels lower than the probation officer recommended. Id. at 3.

At the outset of the sentencing hearing, Judge Wood stated she had read Mr. Phelps' sentencing memorandum and directed counsel prior to the hearing to read and review the Eleventh Circuit's Gundy decision, which was issued eight days before the hearing. Crim. Case, Doc. 60 at 3. Mr. Phelps summarized his argument under Mathis and stated his belief Georgia's burglary statute is even more broad than the Iowa statute at issue in Mathis and, if Mathis is applied, Pearsey could not qualify for an ACCA enhancement because he would only have one prior violent felony conviction. Id. at 5–6. In response, Judge Wood noted the Mathis decision directs courts to decide whether a state statute is divisible as an elements-based statute or non-

13

divisible as a manner- or means-based statute.  Id. at 6.  Judge Wood advised counsel the reason she directed their attention to the Gundy decision is because the Eleventh Circuit determined the Georgia burglary statute is an elements-based, divisible statute, unlike Iowa's or Alabama's burglary statutes.[5]  Id.  Judge Wood also noted Gundy arose in this District, and the divided panel affirmed this Court's application of the ACCA enhancement "in a case fairly close to this one."  Id.  Mr. Phelps replied he disagreed with the Eleventh Circuit's application of Mathis in the Gundy decision and did not find Gundy to have provided "a blanket rule[]" that all Georgia burglary convictions qualify as violent felonies under the ACCA.  Id. at 7.  Without waiving any argument for appeal, Mr. Phelps stated he thought Judge Wood should apply Mathis rather than Gundy to Pearsey's sentencing.  Id. at 8.  Mr. Phelps objected to the documents the Government proffered as evidence to show Pearsey had obtained the requisite number of violent felonies for the ACCA enhancement, id. at 16, but Judge Wood found his argument unavailing, especially in light of Gundy as "fresh precedent."  Id. at 16–19.

     As noted, Mr. Phelps argued the Court should accept the Mathis decision and interpret the Georgia burglary statute in the same manner as the Supreme Court did in Mathis instead of applying Gundy.  Judge Wood observed Gundy could be heard *en banc* but, at the time of Pearsey's sentencing, she was bound to apply Gundy.  Id. at 19.  Even if Mr. Phelps did not have a copy of the Gundy decision prior to Pearsey's sentencing hearing, it is patently obvious he was given a copy of the decision, understood the holding of that case, and tried to distinguish Gundy from Pearsey's circumstances.  Mr. Phelps' lack of success with his arguments to the Court have

---

[5]    The Eleventh Circuit analyzed Alabama's burglary statute in United States v. Howard, 742 F.3d 1334 (11th Cir. 2014).

14

no bearing on whether he provided ineffective assistance to Pearsey during sentencing.[6]  Not only does Pearsey fail to establish Mr. Phelps' rendered deficient performance, Pearsey also fails to establish he was prejudiced by any part of Mr. Phelps' non-deficient performance before this Court.  What is more, the Eleventh Circuit analyzed Mathis and Gundy and applied these decisions to Pearsey's challenge to the ACCA enhancement, finding his challenge without merit in light of these decisions.  701 F. App'x at 773.  Pearsey's ineffective assistance claim is not only belied by the record before the Court, it also is wholly without merit.  The Court should **GRANT** this portion of the Motion to Dismiss and **DENY** this portion of Pearsey's § 2255 Motion.

### III.     Motion to Appoint Counsel

Pearsey also filed a Motion requesting this Court appoint counsel to assist him with his § 2255 proceedings, if the Court finds he qualifies as indigent.[7]  Doc. 12.  There is no automatic constitutional right to counsel in post-conviction proceedings in a criminal case.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794

---

[6]     Contrary to Pearsey's assertion in his Response to the Motion to Dismiss, Mr. Phelps did not avoid answering Judge Wood's questions about Gundy and whether it should apply to Pearsey's sentencing.  Doc. 8 at 1–2.  Mr. Phelps answered Judge Wood's line of inquiry, even if he wanted to be sure he did not waive an appellate argument in doing so.  Based on Judge Wood's observation she was bound to apply Gundy, it appears no answer or argument Mr. Phelps could have provided would have persuaded Judge Wood to go against the Eleventh Circuit's eight-day-old decision or Chief Judge J. Randal Hall's application of the ACCA in the case in this District underlying the Gundy decision.  Additionally, Pearsey does not offer any alternative response Mr. Phelps could have provided which would have won the day.  Further, Pearsey's citation to cases arising from the Sixth, Second, and Fifth Circuit Courts of Appeals is irrelevant, as Gundy remains controlling Eleventh Circuit precedent for this Court to follow.  Id. at 3, 6–7.

[7]     Pearsey asks the Clerk of Court to forward forms and instructions for proceeding *in forma pauperis*.  Doc. 12.  While there is nothing on the docket of this case indicating the Clerk of Court provided Pearsey with any forms or instruction, such failure is immaterial.  A movant need not move for *in forma pauperis* status in § 2255 proceedings.  Rule 3, Rules Governing Section 2255 Proceedings for the United States District Courts, Advisory Committee's Note to 1976 Adoption ("There is no filing fee required of a movant under these rules[]" "to recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack."); 28 U.S.C. § 1914(a).

(11th Cir. 2009) (citing Barbour v. Haley, 471 F. 3d 1222, 1227 (11th Cir. 2006)); see also Barbour v. Haley, 471 F.3d 1222, 1227–32 (11th Cir. 2006) (Even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel.).

Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. §2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979); see also 28 U.S.C. § 2255 (g) & Rule 8 (c) of the Rules of Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel under § 3006A). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012).

It does not appear the interests of justice or due process require Pearsey be afforded counsel, and an evidentiary hearing will not be required. Pearsey does not lay out any such circumstances in either his § 2255 motion or this Motion. Accordingly, the Court **DENIES** Pearsey's Motion.

**IV.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability**

The Court should also deny Pearsey leave to appeal *in forma pauperis*. Though Pearsey has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or

16

argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th

Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Pearsey's Motion, the Government's Motion to Dismiss, and Pearsey's Response and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Pearsey a Certificate of Appealability, Pearsey is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS in part** and **DENY in part** Pearsey's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Pearsey *in forma pauperis* status on appeal and a Certificate of Appealability. I **DENY** Pearsey's Motions to Appoint Counsel. Doc. 12; Crim. Case, Doc. 69.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't

Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 4th day of October, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA