UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

VERNARD JERICHO PEARSEY

Case No. 2:16cr005

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant asserts that his medical conditions, i.e. lupus, obesity, daily undiagnosed headaches, nightly numbness in hands, consistent cough, shortness of breath, fatigue, chest pain, and loss of vision, combined with the risks associated with COVID-19, qualify as an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c) warranting compassionate release. He also argues his rehabilitation efforts and his disparate sentence entitle him to a reduced sentence.

Defendant does not argue that his ability to engage in self-care within his facility is substantially diminished by his medical conditions. Indeed, Defendant's medical records tend to show that his medical conditions are being treated with prescription medications and chronic care clinic, sick, telehealth and offsite visits. To the extent Defendant challenges the BOP's medical treatment, his contentions are discredited by his failure to show for scheduled appointments and his refusal of prescription medication. Moreover, BOP records do not indicate Defendant suffers from obesity, and he has been fully vaccinated against COVID-19. Additionally, to the extent

3

Defendant contends his race places him at a greater risk of harm from COVID-19, he has provided no evidence to support that contention. See United States v. Jordan, No. 21-11482, 2021 WL 5112257, at *3 (11th Cir. Nov. 3, 2021) ("[T]he district court did not abuse its discretion in finding that [defendant] had not presented any evidence . . . showing that his race and obesity in the aggregate constituted a distinct factor to be considered."). And, as of April 6, 2023, there is only one confirmed active case of COVID-19 at FCI Williamsburg where Defendant is being housed. See bop.gov/coronavirus/ (search map for FCI Williamsburg) (showing confirmed active case among one inmate and zero staff). General concerns regarding COVID-19 alone do not qualify as extraordinary and compelling reasons warranting compassionate release.

Defendant also claims his efforts at rehabilitation qualify as an extraordinary and compelling reason warranting release. However, "[a] prisoner's rehabilitation alone is not an extraordinary and compelling reason warranting a sentence reduction." United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021); see also 28 U.S.C. § 994(t).

Finally, Defendant argues his sentence is disparate compared to other defendants who committed similar offenses. However, Congress has "cabin[ed] district courts' discretion by requiring courts to abide by the Sentencing Commission's policy statements" when considering a motion for compassionate release. Concepcion v. United States, 142 S. Ct. 2389, 2394 (2022) (noting Congress has imposed express statutory limits on sentencing modification proceedings pursuant to 18 U.S.C. §§ 3582(a), (c)(1)(A) and 3583(c)). A disparate sentence, even if true, is not included in U.S.S.G. § 1B1.13's list of extraordinary and compelling reasons warranting compassionate release. The Court concludes that Defendant has not met his burden to show an extraordinary and compelling reason to warrant compassionate release.

Additionally, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. In the present case, Defendant led law enforcement on a dangerous, high-speed chase because he—a convicted felon—had a 9mm pistol, loaded with a high capacity magazine containing twenty-four rounds of ammunition, in his vehicle. After he was apprehended, Defendant admitted to possessing the firearm to rob a drug dealer. In July 2016, pursuant to a written plea agreement, Defendant pleaded guilty to possession of a firearm by a convicted felon. With a total offense level of 30 and a criminal history category of IV, Defendant's sentencing guideline range was 180 months' imprisonment. In December 2016, the Court sentenced Defendant to 180 months' imprisonment. Currently, Defendant's projected release date is January 13, 2028, meaning he has well over four years left to serve. If Defendant were released now, he will have served well below his sentence and guidelines range. Defendant's criminal history is also concerning. Defendant is an armed career criminal with at least seven adult criminal convictions; three for entering auto, two for burglary, one for criminal trespass, and one for robbery. Notably, Defendant received probation or parole for most of these convictions only for it to be revoked. Indeed, Defendant was on state probation for robbery at the time he committed the underlying offense. It appears Defendant's past criminal history did not deter him from committing another offense. In fact, since his incarceration, Defendant has been sanctioned for his behavior at least eight times. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

Finally, the Court does not have the ability to grant Defendant's request for home confinement. Under 18 U.S.C. § 3621(b) and 34 U.S.C. § 60541, it is the Bureau of Prisons'

responsibility to compute a prisoner's sentence, including home confinement designation—not the Court's. See United States v. Pearson, No. 21-10750, 2021 WL 4987940, at *1 n.1 (11th Cir. Oct. 27, 2021); see also Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992), abrogated on other grounds by Santiago-Lugo v. Warden, 785 F.3d 467 (11th Cir. 2015).

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

April 10, 2023

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA