**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| VERNARD PEARSEY, | |
| Movant, | CASE NO.: 2:16-cr-5 |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Movant Vernard Pearsey ("Pearsey"), who is currently housed at the Schuykill Federal Correctional Institution in Minersville, Pennsylvania, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  Doc. 116.  For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Pearsey's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE**  this action and enter the appropriate judgment of dismissal, and **DENY** Pearsey *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

Pearsey was indicted for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  Doc. 1.  Pearsey faced a maximum sentence of 10 years' imprisonment, unless he had at least three prior convictions for serious drug offenses or violent felonies.  Doc. 2 at 1.  If Pearsey had these qualifying convictions, he faced a statutory minimum sentence of at least 15 years' (180 months) and up to life imprisonment under 18 U.S.C. § 924(e)(1).  Id. Pearsey's appointed counsel, Joseph Phelps, III, filed several pre-trial motions on Pearsey's behalf, including a motion to suppress statements.  Docs. 19, 20, 21, 22.  The United States

Magistrate Judge recommended the Court deny Pearsey's motion to suppress statements, granted as unopposed two other motions, and denied the fourth motion as moot.  Docs. 37, 38.  Although Pearsey filed objections to the Report and Recommendation relating to his motion to suppress statements, the Government notified the Court that Pearsey and the United States reached a plea agreement prior to the Court's consideration of the Report and Recommendation.  Docs. 39, 40.  Pearsey entered a guilty plea, which the Honorable Lisa Godbey Wood accepted.  Crim. Case, Docs. 42, 43, 44.

Pearsey agreed to plead guilty to the one count in the indictment, agreeing he had previously been convicted of a felony and was in possession of a loaded firearm which had been transported in interstate commerce.  Doc. 43 at 1–2.  Pearsey also agreed to waive his right to appeal, except if: the Court determined that he qualified for an enhanced penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); the Court imposed a sentence above the statutory maximum; the Court imposed a sentence higher than the advisory Guidelines range, as found by the Court; or the Government appealed.  Id. at 5.  Pearsey also waived his right to collaterally attack his conviction and sentence on any ground or by any method, including the filing of a § 2255 motion, other than based on a claim of ineffective assistance of counsel.  Id.

Prior to sentencing, the United States Probation Office prepared a Pre-Sentence Investigation Report ("PSR").  Doc. 63.  The probation officer calculated a five-level enhancement under United States Sentencing Guideline § 4B1.4(b)(3)(B) based on Pearsey's previous convictions for violent felonies in Jeff Davis County for two burglary convictions and an Appling County conviction for robbery by intimidation, all of which occurred on different dates.  Id. ¶¶ 20, 27, 28.  Based on the Guidelines, Pearsey faced an advisory sentencing range of 135 to 168 months' imprisonment, but, because the statutory minimum was 180 months'

imprisonment, 180 months' imprisonment was the advisory sentence. Id. ¶ 61. After hearing argument relating to ¶ 20 of the PSR (the enhancement provision of the PSR), Judge Wood sentenced Pearsey to a 180-month sentence under §§ 922(g)(1) and 924(e)(1), finding Pearsey was an armed career offender. Doc. 56.

Mr. Phelps filed a timely notice of appeal on Pearsey's behalf. Doc. 52. On appeal to the Eleventh Circuit Court of Appeals, Pearsey challenged his 180-month sentence and argued his prior Georgia felony burglary convictions do not qualify as predicate violent felonies under the ACCA. United States v. Pearsey, 701 F. App'x 773 (11th Cir. 2017). Pearsey also argued Georgia's burglary statute is indivisible because it includes any building, vehicles, railroad cars, watercraft, or and dwelling structure and lists these locations as alternative means, not elements, of committing burglary. Id. at 774.

After conducting a de novo review of the entire record before it, the Eleventh Circuit affirmed this Court's judgment. Doc. 64. The Eleventh Circuit found this Court did not err in determining Pearsey's prior burglary convictions under Georgia law were violent felonies under the ACCA. Id. at 6. Additionally, the Eleventh Circuit stated Georgia's burglary statute is divisible, and Pearsey's "certified indictment and guilty plea for his burglary conviction show . . . he was convicted of three counts of burglary of a dwelling—which has the same elements as generic burglary under the ACCA's enumerated crimes clause." Id. The United States Supreme Court denied Pearsey's petition for writ of certiorari. Pearsey v. United States, 138 S. Ct. 697 (2018); Doc. 68.

Pearsey filed a § 2255 motion in December 2018. Doc. 70. Pearsey contended the ACCA's sentence enhancement structure violates his Sixth Amendment rights because the ACCA allows a judge to make findings of fact that increase the statutory maximum sentence.

Doc. 1-1 at 1, 3.  Pearsey also contended that his prior convictions could not give rise to an ACCA sentence.  Id. at 2.  This Court noted Pearsey raised his ACCA sentence enhancement on appeal and could not raise it in his § 2255 motion.  Doc. 95 at 6.  And to the extent Pearsey did not raise a claim relating to his sentencing on appeal, this Court found he had procedurally defaulted this claim and had not shown cause and prejudice to overcome his default.  Id. at 9–10.  Pearsey also brought an ineffective assistance of counsel claim in his first § 2255 motion, which this Court found to be without merit and against the record in this case.  Id. at 14–15.

Pearsey executed the instant § 2255 Motion—his second—on January 21, 2025.  Doc. 116.  Pearsey contends this Court violated his rights under the Fourth, Fifth, and Sixth Amendments of the Constitution because he had the right to a preliminary or probable cause hearing at the beginning of his prosecution.  Id. at 1.

## DISCUSSION

**I.      This Court Does Not Have Jurisdiction Over Pearsey's § 2255 Motion**

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion.  28 U.S.C. § 2244(b)(3)(A); Young v. FCI Miami Warden, 805 F. App'x 829, 831 (11th Cir. 2020) (quoting Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)).  A panel of the court of appeals must certify the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Without this authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion.  Burcks v. United States, 842 F. App'x 500, 502 (11th Cir.

2021) (citing Farris, 333 F.3d at 1216).  "'[S]econd or successive status only attaches to a judgment on the merits.'"  Murdock v. United States, No. CR410-159, 2018 WL 3119066, at *2 (S.D. Ga. June 5, 2018) (quoting Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014)), report and recommendation adopted, 2018 WL 3118620 (S.D. Ga. June 25, 2018).

In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the Eleventh Circuit distinguished between a numerically second § 2255 motion and a § 2255 motion barred as second or successive.  The court determined the movant's numerically second motion was not second or successive because his claim—improper sentencing as a career offender—was not ripe at the time of his first motion when the predicate state convictions had not yet been vacated.  In reaching this conclusion, the Stewart court cited Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), and noted Stewart's motion fell within a "small subset of unavailable claims that must not be categorized as successive."  Stewart, 646 F.3d at 863.  The Fifth Circuit Court of Appeals noted the Supreme Court explained, "Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are successive under § 2244(b)(2)(A)[.]  Indeed, this is the reason why authorization is needed to obtain review of a successive" § 2255 motion."  Leal Garcia, 573 F.3d at 221 (emphasis in original).

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") "was specifically designed to protect against prisoners 'repeatedly [attacking] the validity of their convictions and sentences' as 'the legal landscape shifts.'"  Braham v. United States, CV116-099, CR 107-001, 2016 WL 5723711, at *2 (S.D. Ga. Aug. 19, 2016) (quoting Leal Garcia, 573 at 221–22).  "Likewise, 'claims based on a factual predicate not previously discoverable are successive,' but if the alleged defect did not exist or did not ripen until after adjudication on the merits of the previous petition, e.g., an order vacating a federal prisoner's predicate state convictions used to

enhance the federal sentence, a claim may be part of a small subset of claims not considered second or successive." Id. (quoting Stewart, 646 F.3d at 863; in turn citing Leal Garcia, 573 F.3d at 221, 222).

Here, Pearsey does not dispute that he has filed a § 2255 motion on a previous occasion or this Court denied his previously filed motion.[1]  Pearsey fails to show a factual predicate has come to be and caused the claim in his instant § 2255 Motion to ripen since he filed his first § 2255 motion, i.e., he could have brought his assertion that this Court violated his constitutional rights earlier.[2]  See id. (citing Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014)). Instead, Pearsey has not sought authorization from the Eleventh Circuit to file a second or successive § 2255 motion in this Court; thus, this Court is without jurisdiction to entertain Pearsey's § 2255 Motion and should dismiss the Motion.[3]

## II.   Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Pearsey leave to appeal *in forma pauperis*.  Though Pearsey has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").  An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context

---

[1]   In determining Pearsey's claims in his first § 2255 motion were procedurally defaulted, this Court had to look to the relative merits of his claims to determine that Pearsey did not meet either exception to the procedural default application.  Docs. 95, 98.

[2]   Pearsey has been persistent, but unsuccessful, in his efforts to have his sentence reduced or vacated.  Docs. 82, 88, 89, 105, 113.

[3]   Though Pearsey cites 28 U.S.C. §§ 2201 and 2241 in the title of his Motion, he mentions neither of these statutes in the body of his Motion.  Instead, Pearsey once again seeks the vacatur of his sentence under § 2255.  Doc. 116.

must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued.  Based on Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v.

McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of Pearsey's § 2255 Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Pearsey a Certificate of Appealability, Pearsey is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts.  Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Pearsey's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Pearsey a Certificate of Appealability and *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to

challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of March, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

9